UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALSTON SAMUELS,                           :
     Petitioner,                               :
                                                    :
     v.                                             :     CIVIL ACTION NO.
                                                    :
IMMIGRATION & CUSTOMS              :     3:13-CV-00901-VLB
ENFORCEMENT                                  :
     Respondent.                              :     JUNE 4, 2014

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. 9]

     Ralston Enrico Samuels ("Samuels" or "Petitioner"), filed a Petition for Writ of Habeas Corpus (the "Petition") on June 24, 2013, challenging the denials of his requests for supervised release from immigration detention during the pendency of his appeals from his order of removal.  He argued that Immigration and Customs Enforcement ("ICE") had held him for nine months with no removal likely in the foreseeable future due to his pending appeals.

     While this Petition was pending, Samuels also had a Petition for Review of his Final Order of Removal and a Motion for Stay of Removal pending in the United States Court of Appeals for the Second Circuit.  The Second Circuit denied these motions on September 25, 2013 and removal was effected the following day.

     On November 4, 2013 ICE filed a motion to dismiss the Petition.  [Dkt. 9.] ICE asserts that there must be a controversy at every stage of litigation such that the court has the ability to give the plaintiff relief.  *See, e.g.*, *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or

appellant meaningful relief, then the case is moot and must be dismissed") (citing *Hall v. Beals*, 396 U.S. 45, 48 (1969)). ICE rightly argues that the case or controversy is now moot as removal was effected on September 26, 2013.

    The removal order is final and the only issue being presented is whether Petitioner should have been granted supervised release while his appeal from the removal order was pending.  This issue is now moot because Petitioner's removal was effected. *Cf. Shiqi Xue v. Holder*, 354 F. App'x 596, 597 (2d Cir. 2009) (finding habeas petition to be moot where order of removal became final during the pendency of the habeas action; *Edwards v. Ashcroft*, 126 F. App'x 4 (2d Cir. 2005) (finding habeas petition to be moot where petitioner had been released from immigration detention during the pendency of the habeas action).  As the issue is now moot, the court grants ICE's Motion to Dismiss the Petition.

IT IS SO ORDERED.

                                                                    _____/s/_____
                                                                  Hon. Vanessa L. Bryant
                                                                  United States District Judge

Dated at Hartford, Connecticut: June 4, 2013